■ The People of the State of New York, Respondent, v Derrick Huggins, Appellant. [616 NYS2d 662] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.) rendered April 29, 1992, convicting him of murder in the second degree (two counts), attempted murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that there is not legally sufficient evidence of his guilt is unpreserved for appellate review since the specific contentions the defendant raises regarding the insufficiency of the evidence were not made at trial *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to support the defendant's convictions. An eyewitness testified that the defendant shot at him and that the defendant shot and robbed the decedent.

The defendant contends that his convictions are against the weight of the evidence because some of the testimony of the People's eyewitness is incredible. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.